FILED

97 SEP 10 AM 9:13

U.S. DISTRICT COURT
N.D. OF ALABAMA

Cro

ENTERED

SEP 1 0 1997

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RONALD L. PALMER, | ) | |
|     Plaintiff | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| JEMISON STEEL, | ) ) | CV 95-AR-2938-S |
|     Defendant | ) ) | |

**<u>MEMORANDUM OPINION</u>**

The court has under submission the motion of plaintiff, Ronald L. Palmer ("Palmer"), to reconsider the order setting a non-jury evidentiary hearing as to whether Palmer is entitled to reinstatement or front pay. This motion is opposed by defendant, Jemison Steel ("Jemison"), which argues not only that an evidentiary hearing must be held but that the court must address first the question of whether plaintiff is entitled to any relief whatsoever for lost future wages because he would have been fired immediately upon Jemison's discovery that he had misrepresented material facts on his original application for employment. Palmer counters with the contention that this proposed "after-acquired evidence" defense which might have been employed pursuant to *McKennon v. Nashville Banner Publishing Co.*, ___ U.S.___, 115 S. Ct. 879 (1995), is an affirmative defense which must be pled and was not pled by Jemison. To this Jemison responds that it only learned of Palmer's

1

58

misstatements on the eve of trial, too late, as a practical matter, to do any more than it did, namely, to alert the court and Palmer of what Palmer already knew. Whether Jemison should, by the exercise of reasonable diligence, have discovered the facts giving rise to a *Nashville Banner* defense earlier than it did is not a matter asserted by Palmer, but if it had been asserted, the court would be reluctant to insist on an earlier discovery by Jemison.

Even after the Civil Rights Act of 1991, juries do not routinely decide matters of reinstatement, which constitute injunctive or equitable relief. Lindermann and Grossman in their *Employment Discrimination Law*, 3rd Ed., say:

> Because front pay is awarded, if at all, in lieu of the plainly equitable remedy of reinstatement, some courts have held that front-pay determinations are to be made by the court, not by a jury. Other courts have held that, while a court in the first instance must determine whether an award of front pay is more appropriate than an order of reinstatement, the determination of the *amount* of front pay is left to a jury.

Page 1841 (footnote citations omitted). This court is leaving out the long string of competing citations, because there are none from the Eleventh Circuit or from the Supreme Court. There is a dearth of case law on whether the "after acquired evidence" issue is part and parcel of the equitable remedy and thus a non-jury question. The issue is new. Here, the court concludes that the issue is a defense to the claim for equitable relief, analogous to the "unclean hands" defense and thus a matter for the court. The court could, of course, have used the jury that decided the back pay

2

issue in an advisory capacity to evaluate and respond to a special interrogatory in order to assist the court in determining whether Jemison would, in fact, have fired Palmer upon learning of his deliberately furnishing misinformation about his education. For good reason, the court chose instead not to complicate a jury trial with an equitable issue which might well have diverted the jury's attention from the factual determinations which it was necessarily called upon to make.

It has always been the function of the court to decide not only whether a party is entitled to an equitable remedy, but, if so, what that remedy will be. This does not mean that the advice of a jury cannot be sought on a factual issue by special interrogatories, while preserving to the court the final determination leading to the granting, denying and/or fashioning of equitable relief.

Even when assuming that the *Nashville Banner* defense must be pled - something the court doubts - the court is satisfied that Jemison's failure to seek an amendment to the pre-trial order or to amend its answer to add the *Nashville Banner* defense was excusable under the circumstances. This is particularly true when considering both that the reinstatement-front pay issue was postponed for later resolution and that the court did not force Palmer to try the "after-acquired evidence" question when he had not had a fair opportunity to engage in discovery on it. The court

will now give Palmer that opportunity by providing thirty (30) days within which the parties can engage in discovery limited to matters relevant to the *Nashville Banner* defense as the court permits Jemison to interpose against Palmer's request for any equitable relief beyond the date of Jemison's learning of Palmer's misstatements on his work application.

An appropriate, separate order will be entered.

DONE this 10th day of September, 1997.

/s/ William M. Acker
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE